UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IVAN FICKEN, et al

    Plaintiffs,

vs.

AMERICAN AIRLINES, INC., et al

    Defendants.

CIVIL ACTION NO.

Case: 1:07-cv-02166
Assigned To : Urbina, Ricardo M.
Assign. Date : 11/30/2007
Description: Pro Se General Civil

**PLAINTIFFS' MOTION REQUESTING THAT THE COURT SET THE FILING DATE FOR THIS COMPLAINT TO JANUARY 19, 2006 WHEN THIS COMPLAINT WAS ACTUALLY FILED WITH THE COURT**

This Complaint was originally filed with this Court on January 19, 2006 (as shown by the filing date stamp of January 19, 2006 on the first page of the Complaint in **Attachment 1**, as well as that same date stamped first page being included in the presently filed Complaint, as page 1A) while Plaintiffs were living in Romania. Absolutely nothing of the substantive content of the Complaint has been changed between that which was filed on Jan. 19, 2006 and what is presently being filed, with the only change being made consisting of changing Plaintiffs' address (which was appropriately reported to the Court in Sept., 2006, as shown by the Notice of Change of Address, [also contained in Attachment 1] while the case was under reconsideration of Plaintiffs' *In Forma Pauperis* filing request) to that where Plaintiffs are presently living in Wisconsin, on the caption heading of the Complaint to prevent confusion from arising on the part of the Court or the Defendants concerning where Plaintiffs are presently living. Due to both the fact that Plaintiffs' present address is considerably shorter than it was when they lived in Romania, as well as a slight variation in the printer/margins between the two filings, the presently filed Complaint is a few pages shorter than the originally filed Complaint, but the language is identical.

When Plaintiffs' original Complaint was filed, they additionally had requested *In Forma Pauperis* (*IFP*) filing status, which status had been approved for their two previously filed Complaints in this Court in 2004, and, for that reason, they believe that they were justified in requesting. That initial request was denied. Plaintiffs submitted a Motion for Reconsideration of their *IFP* request on Feb. 27, 2006, which was assigned miscellaneous case number 1:06-mc-83. The Court held that Motion for Reconsideration under advisement until September, 2007, when, on Sept. 22, 2007 an order was entered into the record again denying the request. Rather than continuing to make further reconsideration requests, Plaintiffs are re-filing the Complaint as a paid case, with the language of the Complaint being identical to that in their original Complaint. Plaintiffs believe that their position with respect to the filing date should not be prejudiced because of the length of time which the Court took to issue a response to their reconsideration request.

Plaintiffs received the notice of the denial at the end of the last week of September, 2007, too late to phone the Clerk of Courts office, which Ficken did phone on October 1, 2007, talking to Ms. Higgins in the Clerks Office, where he asked her, over the phone, whether she could take a credit card number to immediately register the case as a paid case. (Plaintiffs did not receive the original copy of their filed Complaint returned upon the initial denial of their *IFP* status while they were in Romania, which was retained by either the Clerk of Courts Office or the Court, although Ms. Higgins denied in the phone call Ficken made on Oct. 1, 2007 that the Clerks office had a copy of it). Ms. Higgins advised that she could not accept a credit card payment over the phone, and furthermore, she said the requirements of a paid case required filing additional copies and other procedures for which she said that she would put a set of instructions in the mail to Ficken, which instructions were postmarked October 2, 2007. At the end of the first week of October, Ficken received those instructions,

Due to an unexpected combination of events which occurred in the early part of October which placed Plaintiffs' housing accommodations at risk of loss, and which required more than the full time attention of Ficken to get resolved ever since, and which so occupied his thoughts and attention that he could not

2

properly focus his attention on getting this Complaint filed as a paid case, completely aside from the lack of time to do so, and which was only resolved during the first few days of November, with collateral time consumptive issues flowing from it ever since, Ficken simply was unable to devote the time and thought to being able to get the Complaint filed as a paid case, in what he anticipated included the complexities of getting a summons and process served on the Defendants, with which, due to his prior experience being only with *IFP* cases (where the U.S. Marshals Service handles the service of process on behalf of plaintiffs), he had no experience. Additionally, with Plaintiffs being unable to find a copy of the front page of the Complaint filed on Jan. 19, 2006, which they considered necessary or prudent to include as proof of the original filing date, Ficken emailed his college friend who had originally filed that Complaint on Plaintiffs' behalf who had retained a copy of the first page with the filing date stamp, but the friend was visiting his daughter in Germany when it became apparent that Plaintiffs didn't have a copy of it, and wouldn't return home to the DC area until approximately November 9, 2007, after which Ficken's friend emailed a scanned copy of the date stamped first page of the filings made on Jan. 19, 2006

Regardless, the time lag which has occurred since the Court's second denial of Plaintiffs' *IFP* request, is minimal in relationship to the 19 months which the Court held Plaintiffs' *IFP* request under advisement as case no. 1:06-mc-83.

Plaintiffs respectfully request that the filing date for this Complaint be set as January 19, 2006, when this identical Complaint was actually filed.

_____
Plaintiff Ivan Ficken, Individually

_____
Plaintiff Ivan Ficken, for and on behalf of his
adoptive son, Plaintiff Ciprian Ivanof, and C. Ivanof's
birth father, Plaintiff Isaia Ivanof

3

# ATTACHMENT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 28 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IVAN FICKEN, individually, and as father and
best friend of and on behalf of CIPRIAN IVANOF,
etal

       Plaintiffs,

vs.

AMR Corporation,
AMERICAN AIRLINES, INC.
AMR EAGLE HOLDING Corporation,
etal

**CIVIL ACTION NO. MC06-0083(RMU)**

### NOTICE OF CHANGE OF ADDRESS

Notice is hereby given that effective immediately, Plaintiffs' address should be changed to

    2020½ Second St.
    Eau Claire, WI. 54703

The Court and any Defendants are requested to send copies of any filings or notices to Plaintiffs at the above address. Plaintiffs phone no. is (715) 855-1172.

_____
Plaintiff Ivan Ficken, individually

_____
Plaintiff Ivan Ficken, for and on behalf of his
adoptive son, Plaintiff Ciprian Ivanof

07 2166

FILED
NOV 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVAN FICKEN, individually, and as father and best friend of and on behalf of CIPRIAN IVANOF, his adopted son, as well as on behalf of ISAIA IVANOF, Ciprian Ivanof's birth father, at the address of<br>Calea Grivitei, nr. 212<br>Bloc J, Sc. G, Ap. 9,<br>Sector 1, COD 783121<br>Bucharest, ROMANIA<br>Home Telephone: 40-21-665-6139<br>E-Mail Address: altruistic10@yahoo.com<br><br>    Plaintiffs,<br><br>vs.<br><br>AMR Corporation,<br>AMERICAN AIRLINES, INC.<br>AMR EAGLE HOLDING Corporation,<br>acting through its President of AAdvantage Marketing Programs, KURT STACHE, and through its employees or agents, BARRY ROBERTSON and LISA NORRIS all of whom have an address of<br>4333 Amon Carter Blvd.<br>Ft. Worth, Texas 76155<br><br>    Defendants. | CIVIL ACTION NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

RECEIVED
JAN 19 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## COMPLAINT

Plaintiffs Ivan Ficken, Ciprian Ivanof and Isaia Ivanof hereby allege and state the

1